UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHLEEN FLEMMING,

                                  Plaintiff,           09-CV-0684S(Sr)

v.

WATERFORD VILLAGE BANK and
ORRIN TOBBE,

                                  Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #8. Currently pending before this Court, are defendants', Waterford Village Bank and Orrin Tobbe, motions to stay and to quash subpoenas. Dkt. ##2-4.

The underlying action was originally commenced in New York State Supreme Court, Erie County on or about February 11, 2009. Dkt. #1, pp.10-27. At the time the action was commenced, it was entitled, *Kathleen Flemming v. Waterford Village Bank, Lisa Wardynski, Orrin Tobbe and Kim Destro*; Index No. I-2009-1553. *Id*. On or about March 4, 2009, defendants moved to dismiss several of plaintiff's causes of action. Dkt. #1, pp. 39-41. In an Order dated April 20, 2009, New York State Supreme Court Justice John M. Curran granted in part and denied in part defendants' motion to dismiss. *Id*. As set forth in Justice Curran's Order, with respect to those causes of action which were dismissed, plaintiff was granted leave to re-plead those

causes of action. *Id*. Notwithstanding Justice Curran's Order permitting plaintiff to re-plead the dismissed causes of action, plaintiff elected not to re-plead and filed a notice of appeal with the Appellate Division, Fourth Department. Dkt. #4, ¶ 11. Thereafter, on or about May 14, 2009, plaintiff filed a motion seeking a default judgment. *See* Dkt. #1, pp.55-56. Plaintiff's motion was denied and the remaining defendants, Waterford Village Bank and Orrin Tobbe, were ordered to serve their answer to the complaint by May 28, 2009. *Id*. Defendants' answer to the complaint is dated May 28, 2009 and the Court presumes it was timely served. Dkt. #1, pp.29-37.

On July 24, 2009, the State of New York Superintendent of Banks took possession of the business and property of Waterford Village Bank ("Waterford") pursuant to Section 606 of the New York Banking Law. *Id*. at p.1. Also on July 24, 2009, the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver of Waterford; the FDIC accepted the appointment. *Id*. at pp. 6-8. "On July 29, 2009, the FDIC moved to substitute itself as defendant in the case for Waterford pursuant to CPLR [New York Civil Practice Law & Rules] § 1017 with the Supreme Court, Erie County and removed this case to the United States District Court of the Western District of New York." Dkt. #4, ¶ 5. Because the removal of the case to United States District Court, Western District of New York divested the Supreme Court, Erie County of jurisdiction over this matter, defendants' motion to substitute itself as defendant in the case for Waterford was neither decided by the Supreme Court, Erie County nor has the motion to substitute been properly presented to this Court for consideration. Also on July 29, 2009, defendants filed a motion before this Court seeking an indefinite stay of all proceedings, or in the alternative, a stay for ninety days and an Order quashing

eleven subpoenas *duces tecum* served by plaintiff on various former employees, officers and directors of Waterford.  Dkt. ##2-4.

Defendants maintain that an indefinite stay of all proceedings is appropriate to allow plaintiff sufficient time to exhaust her administrative remedies and to account for the 180 days the FDIC has to determine whether to allow or disallow plaintiff's claim, if and when such claim is filed.  *See* Title 12, United States Code, Section 1821(d)(5)(A).  Although plaintiff has not yet filed her claim, during oral argument on October 5, 2009, plaintiff's counsel indicated that plaintiff intended to file her administrative claim within the appropriate limitations period.  Plaintiff has opposed an indefinite stay of all proceedings.

Whereas, the FDIC has been appointed as Receiver of defendant Waterford, and

Whereas, the Receiver has represented to this Court that it is seeking a stay of all proceedings pursuant to Title 12, United States Code, Section 1821(d)(12)(A)(ii) and (B), it is hereby

ORDERED that the FDIC shall file a motion no later than October 19, 2009 seeking leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) and to be substituted as a party for Waterford as the real party in

interest pursuant to Federal Rule of Civil Procedure 25(c) by reason of its status as Receiver, and it is further

ORDERED that plaintiff shall respond to such motion no later than October 26, 2009. Thereafter, the Court will take the motion under advisement without oral argument, and it is further

ORDERED that until further Order of this Court, any and all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, relating in any way to the claims and defenses asserted in this action is to be preserved, maintained and secured by counsel for the parties, and it is further

ORDERED that until further Order of this Court, the FDIC, as Receiver of Waterford, is to undertake arrangements with Evans Bank, as the successor to the assets of Waterford, for the preservation, maintenance and security of any and all documents or electronically stored information, as described above, that is in the possession, custody or control of Evans Bank, and it is further

ORDERED that any and all subpoenas issued shall be deemed held in abeyance pending further Order of this Court, and it is further

ORDERED that any and all documents obtained in response to the subpoenas previously served in this case shall be maintained by counsel for the plaintiff and are not to be reviewed while these initial matters are pending without having first obtained permission from this Court.

**SO ORDERED.**

DATED:    Buffalo, New York
         October 8, 2009

                              s/ H. Kenneth Schroeder, Jr.
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**